## Witlin v. The Pennsylvania Railroad Co.

*Richter, Lord & Levy*, for plaintiff.

*W. Thomas Berriman*, for defendant.

HAGAN, P. J., January 21, 1959.—This is a trespass action in which plaintiff's complaint alleges that he was injured as a result of a collision between an automobile which he was driving and an engine operated by an employe of defendant. Plaintiff has served defendant with a set of 43 interrogatories, many of which consist of several parts. Defendant has filed objections to these interrogatories, and the matter is now before us on these objections.

There are certain basic propositions which must guide us in the determination of these objections. They are as follows: (1) A trial is not a game, and the court should lend its aid to reasonable discovery efforts by

litigants; (2) the test to be applied, whether the court be concerned with depositions or interrogatories, is whether the matters sought to be discovered are "relevant to the subject matter involved in the action and will substantially aid in the . . . preparation or trial of the case": Pa. R. C. P. 4007($a$) and 4005($c$); (3) where the adverse party is a corporation, interrogatories may be served upon it to be answered by "any officer or agent, who shall furnish such information as is available to the party": Pa. R. C. P. 4005($a$), and (4) no discovery should be permitted which would require the making of an unreasonable investigation: Pa. R. C. P. 4011($c$).

The interrogatories propounded by plaintiff to defendant request such information as a description of defendant's vehicle immediately prior to the accident; whether defendant's vehicle was moving or standing still at the time of the accident; if moving, at what speed; the position of defendant's vehicle subsequent to the accident; the point or points of contact; whether or not there were present at the intersection any traffic signals; if so, their nature and location, and whether they were operating; the exact time of the accident; if any other vehicles were at or near the scene of the accident, and if so, their locations; the speed at which defendant's train was moving at various distances from the point of impact, and numerous other questions of a similar nature.

One of defendant's contentions in support of its objections to the interrogatories is that the information requested by plaintiff is now contained in reports which it secured in anticipation of litigation, and that, therefore, to compel it to reveal this information would violate Pa. R. C. P. 4011($d$). We cannot accept this contention. Plaintiff is entitled to receive discovery of

relevant facts which are within the knowledge of defendant's employes, and merely because these facts have been incorporated into reports does not make them immune from discovery. To hold otherwise would permit a corporate litigant to render itself practically immune from discovery procedure by the simple expedient of quickly incorporating all relevant evidentiary material into reports in its files.

Were this an action between two individuals who were the drivers of automobiles involved in a collision, there is no doubt but that each could discover from the other relevant facts concerning the happening of the accident. A party should not be penalized, therefore, because the opposing litigant is a corporation. It is also clear that plaintiff could take the depositions of individual employes of defendant corporation and secure answers to the same type of questions asked in the present interrogatories, and the scope of discovery permitted by interrogatories is the same as that of depositions. See Pa. R. C. P. 4005, 4007 and 4011.

On the other hand a litigant should not be permitted to secure something more by way of interrogatories propounded to a corporate litigant than to an individual litigant, nor should he be permitted to secure something more by way of interrogatories than he could by depositions. This, we believe, is precisely what would happen if defendant were required to answer the interrogatories under consideration. While the act of supplying an answer to the various factual questions propounded by plaintiff seems, on the surface, to be quite simple, upon closer examination it will be seen that such is not the case.

As an example of the difficulty inherent in the type of questions here propounded, let us take the following illustration: If interrogatories were propounded to an individual, who was driving an automobile involved in

an accident, asking that individual where his car was with respect to the intersection at a given time, it is clear that what would be required is the individual's answer to the question to the best of his knowledge and memory. Where, however, that same question is propounded generally to a corporate litigant which may have had several employes in a position to furnish some information with respect to the question, the proposition is not nearly so simple. It is very unlikely that any two individual employes of the corporate litigant would give precisely the same answer to any factual question. We all know that different persons viewing an accident will in all honesty have different impressions of what happened. Therefore, Engineer A might have one answer to a given question, but Brakeman B might have a different answer and Trackman C still another.

In order to answer an apparently simple factual question, therefore, it would be necessary for a corporate litigant to discover which of its employes has any knowledge with respect to each of the various interrogatories propounded; then, with respect to each question, the corporate litigant would be required to collate the answers of each of its employes having any knowledge of the question. If, as is likely, the answers of the different employes should vary, the corporate litigant would be required to either state the answers of each of the employes, or else someone within the corporation would be required to analyze the various answers and form a judgment as to the correct answer, and give as the answer of the corporate litigant his individual judgment.

With respect to depositions directed to several employes of a corporation, it is clear that a litigant could only take the deposition of one employe singly and in

turn; and the litigant would be required to ask questions directed solely to that particular employe. However, by the use of interrogatories directed *generally to the corporate litigant*, it is plaintiff's theory that he can require the corporate litigant to interview its employes to discover which employe or employes have any knowledge with respect to the question, and then, as previously stated, either give separate answers or a composite answer constituting one individual's judgment.

Pa. R. C. P. 4005(*a*) states that "any party may file and serve upon any adverse party written interrogatories to be answered . . . , if the party served is a . . . corporation . . . , by any officer or agent, who shall furnish such information as is available to the party." It is our opinion that the rule does not mean that an interrogatory can be propounded generally to a corporate litigant to be answered by *all* officers and agents having any knowledge with respect to the question. We believe that a sensible procedure, and the one contemplated by the discovery rules, is that a litigant may, in the first instance, propound questions directed generally to a corporate litigant for the purpose of discovering the names of witnesses. Thereafter, interrogatories can be propounded to the corporation seeking factual answers, to be answered by named individuals. By this procedure a party opposing a corporate litigant will be able to secure by interrogatories the same type of information he could discover by depositions, no more, no less.

For the foregoing reasons, we rule that those interrogatories propounded by plaintiff to defendant to which defendant has objected are, in their present form, objectionable; and defendant's objections are sustained.